# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CYNTHIA LYNNE HARKINS, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 4:14CV470 |
| COMMISSIONER OF SOCIAL | § | Judge Mazzant/Judge Bush |
| SECURITY ADMINISTRATION, | § | |
|     Defendant | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 29, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge ("ALJ") be AFFIRMED.

On February 12, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #17), objecting to his recommendation to affirm the ALJ decision.

The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge.

Plaintiff's only objection is that because the ALJ failed to provide good cause for his decision to disregard the opinions of Plaintiff's treating physicians, the decision was not supported by substantial evidence. Dkt. #17 at 1. Plaintiff asserts that the opinions of her treating physicians should be entitled to controlling weight. *Id*. at 2. While the opinion of a treating physician familiar with a claimant's medical condition is ordinarily given considerable

1

weight, the ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005). Recognized "good cause" exceptions include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id.* (internal citations and quotations omitted).

As noted by the Magistrate Judge, the ALJ discussed the opinions of the treating physicians at length and carefully analyzed all the medical evidence. Contrary to Plaintiff's assertion that the ALJ did not discuss the required regulatory factors (*see* Dkt. #17 at 2), the Magistrate Judge noted that the ALJ considered and discussed the required regulatory factors in 20 C.F.R. § 404.1527. These factors include length of treatment relationship and frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and "other factors." *See* 20 C.F.R. § 404.1527(c); *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

Here, the Magistrate Judge correctly found that the ALJ's decision to assign little or no weight to these opinions was supported by a thorough and comprehensive review of the evidence, including: (1) treatment notes that were not supported by medical evidence (Dr. Hurd and Dr. Sackrison); (2) inconsistencies in treatment notes by the same physician (Dr. Hurd and Dr. Sackrison); (3) competing first-hand medical evidence (Dr. Thompson); (4) specialization in family medicine not entitled to additional weight (Dr. Sackrison); (5) and inconsistencies between Plaintiff's subjective complaints and the medical evidence as a whole. Even though the ALJ provided a detailed analysis of each of these factors, he was not necessarily required to do so given that the record contains competing first-hand medical evidence. *See Walker v. Barnhart*, 158 F. App'x 534, 535 (5th Cir. 2005) ("We do not require consideration of each of

the factors set out in *Newton* where, as here, 'there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another.'").

The record here clearly demonstrates that substantial evidence supports the ALJ's decision. The Court thus finds no merit to Plaintiff's objections.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

It is therefore ORDERED that the decision of the Administrative Law Judge is AFFIRMED.

**It is SO ORDERED.**
**SIGNED this 7th day of March, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE